**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**
(Southern Division)

| | |
|---|---|
| RICHARD VOGEL<br>101 S. Ft. Lauderdale Beach Blvd., No. 2104<br>Ft. Lauderdale, Florida 33316, | *<br><br>* |
| Plaintiff, | * |
| v. | *    Case No.  15-cv-3300 |
| DAVID ALBERT<br>6903 Rockledge Drive, Suite 1200<br>Bethesda, Maryland 20817 | *<br><br>* |
| and | * |
| DAVID ALBERT & ASSOCIATES, LLC | * |
| <u>Serve on Resident Agent</u>:<br>Cheryl Vample<br>6903 Rockledge Drive, Suite 1200<br>Bethesda, Maryland 20817, | *<br><br>*<br><br>* |
| Defendants. | * |

\* \* \* \*   ooo0ooo   \* \* \* \*

## **COMPLAINT**

Plaintiff Richard Vogel files this complaint against Defendants David Albert and David Albert & Associates, LLC and alleges as follows:

1.      This action arises from Defendants' legal representation of Mr. Vogel and Innovative Therapies, Incorporated ("ITI"), a Delaware Corporation, of which Mr. Vogel was the majority and only voting shareholder until the company was sold in August 2014, and from Defendants' provision of negligent legal advice to Mr. Vogel and ITI regarding the procedures required to effect a split of shares of stock in ITI.

2.      Unaware of Defendants' error, Mr. Vogel and ITI's Board of Directors ("the Board") relied on Defendants' advice. As a consequence, Mr. Vogel and ITI suffered substantial economic injuries including, among other things, lost profits from the sale of ITI, the need to pay substantial legal fees to correct Defendants' error, the need to defend and settle a lawsuit by a former employee, and the need for Mr. Vogel to repay improperly distributed dividends. Mr. Vogel, on his own behalf and as assignee of ITI, therefore brings this claim for negligence.

## JURISDICTION AND VENUE

3.      This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 (diversity jurisdiction). Mr. Vogel is a citizen of Florida, while Defendants are all citizens of Maryland, and the amount in controversy exceeds $75,000.

4.      Venue is proper pursuant to 28 U.S.C. § 1391(b) because all Defendants are residents of Maryland and because the events and omissions giving rise to Mr. Vogel's claim occurred in Maryland.

## PARTIES

5.      Richard Vogel is an adult citizen of Florida. He was the primary investor in and the majority shareholder of ITI from its creation to its sale in August 2014. During the same period, he served as ITI's President, Chief Executive Officer, and Secretary.

6.      Mr. Vogel brings this action on his own behalf and as the assignee of ITI. On June 30, 2015, Cardinal Health, ITI's current owner, assigned to Mr. Vogel any and all claims that ITI had against David Albert and David Albert & Associates, LLC.

7.      Defendant David Albert is an adult citizen of Maryland. He is a certified public accountant and an attorney. On information and belief, he is a principal in and owner of the law firm David Albert & Associates, LLC.

8. Defendant David Albert & Associates, LLC ("David Albert & Associates") is a limited liability company organized under the laws of Maryland. Its principal place of business is 6903 Rockledge Drive, Bethesda, Maryland 20817.

## STATEMENT OF FACTS

9. Mr. Vogel has over 30 years of experience as a manager of medical companies, including over 15 years as a founder and leader of successful medical device companies. In 2005 he founded ITI, which was incorporated under the laws of Delaware in 2006. ITI is a healthcare technology company that markets wound care treatment systems to medical professionals.

10. In the spring of 2007, Mr. Vogel and ITI retained Mr. Albert and David Albert & Associates for the purpose of obtaining legal advice related to ITI's corporate development. As Mr. Albert wrote in an engagement letter that he sent to Mr. Vogel "confirm[ing] the scope of the work" that he and his firm were retained to complete, "[d]uring this engagement, I will do my best to point out to you all legal, corporate and tax issues that I believe to be relevant to you in connection with your company." Specifically, Mr. Albert and his firm agreed to "review your corporate documents and your Buy-Sell Agreement and prepare your Delaware franchise reports." Although he later ignored this limitation, Mr. Albert also stated, "my practice area does not involve securities law."

11. On information and belief, at all times relevant to the actions complained of herein, James Koch, another lawyer who rendered advice to Mr. Vogel, was an employee of David Albert & Associates. The advice Mr. Koch provided to Mr. Vogel and ITI was given in the course of his employment by David Albert & Associates and under the supervision of Mr. Albert.

12. In October 2007, with the assistance of Mr. Albert and his firm, the ITI Board approved, and Mr. Vogel filed, an Amended and Restated Certificate of Incorporation for ITI,

which authorized the issuance of 50,000 shares of Class A Non-Voting Stock and 50,000 shares of Class B Voting Stock. That same month, the Board issued 19,700 Class A shares, including 4,000 to Mr. Vogel. The Board also issued 45,000 Class B shares to Mr. Vogel.

13. In September 2008, the Board issued the 5,000 remaining Class B shares to Mr. Vogel. Mr. Vogel was thus ITI's only voting shareholder. At that point, he also owned approximately 72 percent of ITI's total equity.

14. In the spring of 2011, Mr. Vogel began considering ways to simplify ITI's equity structure and increase the amount of ITI stock available to use as performance incentives for the company's employees. He consulted with Mr. Albert and Mr. Koch regarding the steps necessary to achieve those goals without diluting his ownership of the company.

15. Mr. Albert and Mr. Koch advised Mr. Vogel that he could achieve the results he desired through a 5:1 split of his 50,000 Class B shares. Relying on that advice, Mr. Vogel drafted a resolution for the Board in his capacity as ITI's Secretary that (a) authorized the issuance of 270,000 shares of Class A stock, and 40,000 Performance Units, (b) converted Mr. Vogel's Class B shares into Class A shares at a ratio of five Class A shares for each Class B share, and (c) exchanged Mr. Vogel's Performance Units into one (1) voting share until June 30, 2021. The Board approved the resolution on June 30, 2011.

16. Mr. Vogel forwarded the approved resolution to Mr. Albert on or about July 8, 2011. At a meeting at the offices of David Albert & Associates in July 2011, as well as in telephone conversations both before and after that meeting, Mr. Albert and Mr. Koch advised Mr. Vogel that the Amended Certificate could be filed without providing notice to ITI's non-voting, Class A, shareholders.

17. On or about August 1, 2011, Mr. Vogel received an e-mail from Mr. Koch with an Amended and Restated Certificate of Incorporation for ITI. The Amended Certificate was consistent with the Board's resolution in that it authorized the issuance of 270,000 Class A shares and 40,000 Performance Units. Relying on Mr. Albert's and Mr. Koch's advice, Mr. Vogel filed the certificate shortly thereafter and did not provide further notice to ITI's stockholders.

18. Unfortunately, Mr. Albert's and Mr. Koch's advice was wrong. Del. Code Ann. tit. 8 § 242(b) expressly required notice of the proposed amendment to be provided to all shareholders, and required that the Class A shareholders be given the opportunity to vote on the proposed amendment because it would "increase or decrease the aggregate number of authorized shares" of Class A stock. This was so even though the Class A shareholders were not otherwise entitled to vote on the proposed amendment by the then-controlling certificate of incorporation.

19. The amendment was void because the process by which it was approved did not meet the requirements of Del. Code Ann. tit. 8 § 242.

20. Unaware that the amendment was void and relying on Mr. Albert's and Mr. Koch's assurances that the stock split had been properly executed, Mr. Vogel and the Board distributed more equity, in the form of Performance Units, to ITI's employees than they would have otherwise.

21. Because the stock split was ineffective, each Performance Unit that was distributed constituted a significantly greater portion of ITI's equity than it would have had the split been effective.

22. As a result of the ineffective split, Mr. Vogel received larger dividends from ITI than he was entitled to receive. Prior to the sale of the company in August 2014, he repaid those dividends to ITI.

23. In addition, as a result of the ineffective split, Mr. Vogel and his fellow shareholders' profit from ITI's recent sale was significantly lower than it would have been had the split been effective. Their profit was lower for three reasons.

24. First, on information and belief, Cardinal Health's assessment of ITI's value was influenced by its awareness that there were errors in ITI's capitalization. On information and belief, Cardinal Health's assessment of ITI's value would have been as much as $10 million higher had there not been errors in ITI's capitalization.

25. Second, after becoming aware that there was a problem with ITI's capitalization and prior to the ITI's sale to Cardinal Health, ITI was required to spend considerable sums of money to diagnose and correct the defective stock split. In particular, ITI hired financial consultants to investigate the problem. It also hired legal counsel to represent the minority shareholders in the negotiations surrounding ITI's sale to Cardinal Health. Moreover, the legal costs ITI incurred to structure the deal with Cardinal Health were greatly increased as a result of the incorrect stock split. The costs for all of these services were paid out of the proceeds of ITI's merger with Cardinal Health. Mr. Vogel personally bore nearly 80 percent of the costs.

26. Finally, as a result of the defective split, Mr. Vogel was sued by a disgruntled former employee of ITI who alleged, *inter alia*, improprieties related to the split. ITI commenced parallel litigation against the former employee in federal court, where he also countersued ITI for declaratory relief and damages. ITI incurred substantial legal fees as a result. The former

employee's claims were settled out of court for a substantial sum. Both the legal fees and the settlement were paid out of ITI's proceeds from the merger with Cardinal Health.

## COUNT I
## NEGLIGENCE- LEGAL MALPRACTICE

27. Mr. Vogel repeats and incorporates by reference all allegations set forth above.

28. Mr. Vogel and ITI employed Mr. Albert and David Albert & Associates, who held themselves out as knowledgeable in handling corporate transactions and rendering legal advice related to such transactions.

29. Defendants owed Mr. Vogel and ITI a reasonable duty to exercise the degree of care in handling the split and conversion of Mr. Vogel's shares of ITI stock, as used by attorneys engaged in the practice of law, which included being familiar with, and accurately advising Mr. Vogel and ITI of, the requirements of Del. Code Ann. tit. 8 § 242.

30. By failing to correctly advise Mr. Vogel and ITI regarding the requirements of Del. Code Ann. tit. 8 § 242, Mr. Albert and Mr. Koch breached the duty they owed to Mr. Vogel and ITI, in violation of the standards reasonably to be expected of a reasonably competent practitioner in their profession. David Albert & Associates was responsible for the advice provided by Mr. Albert and Mr. Koch.

31. Had Defendants correctly advised Mr. Vogel and ITI as to the requirements of Del. Code Ann. tit. 8 § 242, Mr. Vogel and the Board would have taken appropriate steps to meet them, and would have properly effected the split and conversion of Mr. Vogel's shares of ITI stock. Moreover, the distribution of ITI stock following the split would have met Mr. Vogel's expectation of maintaining his level of ownership in ITI, avoided overpayment of dividends, and preserved his profit margin during the sale of ITI.

32.     As a result of Defendants' breach of their professional duties, Mr. Vogel and ITI have suffered economic damages in excess of $5 million.

WHEREFORE, Plaintiff Richard Vogel, personally and as the assignee of ITI, requests that this Court enter judgment against Defendants David Albert and David Albert & Associates, LLC, jointly and severally, for fully compensatory damages in an amount to be determined, in excess of $5 million, plus interest, costs, and any and all other relief to which this Court finds him entitled.

Respectfully submitted,

/s/
Andrew D. Freeman (Fed. Bar No. 03867)
Kevin D. Docherty (Fed. Bar No. 18596)
BROWN, GOLDSTEIN & LEVY, LLP
120 East Baltimore Street, Suite 1700
Baltimore, Maryland  21202
T: (410) 962-1030
F: (410) 385-0869
adf@browngold.com
kdocherty@browngold.com

*Attorneys for Mr. Vogel*