IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| RICHARD VOGEL | : |
|  | : |
| v. | : Civil Action No. DKC 15-3300 |
|  | : |
| DAVID ALBERT, et al. | : |
|  | : |

**MEMORANDUM OPINION AND ORDER**

Defendant moved to seal, in its entirety, its motion for summary to dismiss, or in the alternative, motion for summary judgment, memorandum, and exhibits. (ECF No. 5). The motion is insufficient and will be denied without prejudice to the filing of a properly supported motion.

The Fourth Circuit recently reminded us that:

> It is well settled that the public and press have a qualified right of access to judicial documents and records filed in civil and criminal proceedings. *See Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 580 n. 17, 100 S.Ct. 2814, 65 L.Ed.2d 973 (1980); *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978); *Media Gen. Operations, Inc. v. Buchanan*, 417 F.3d 424, 428 (4th Cir. 2005). The right of public access springs from the First Amendment and the common-law tradition that court proceedings are presumptively open to public scrutiny. *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004). "The distinction between the rights of access afforded by the common law and the First Amendment is significant, because the common law does not afford as much substantive

protection to the interests of the press and
the public as does the First Amendment." *In
re United States for an Order Pursuant to 18
U.S.C. Section 2703*, 707 F.3d 283, 290 (4th
Cir. 2013) (quoting *Va. Dep't of State
Police*, 386 F.3d at 575) (internal quotation
marks omitted). The common-law presumptive
right of access extends to all judicial
documents and records, and the presumption
can be rebutted only by showing that
"countervailing interests heavily outweigh
the public interests in access." *Rushford*,
846 F.2d at 253. By contrast, the First
Amendment secures a right of access "only to
particular judicial records and documents,"
*Stone*, 855 F.2d at 180, and, when it
applies, access may be restricted only if
closure is "necessitated by a compelling
government interest" and the denial of
access is "narrowly tailored to serve that
interest," *In re Wash. Post Co.*, 807 F.2d
383, 390 (4th Cir. 1986) (quoting *Press-
Enter. Co. v. Superior Court*, 464 U.S. 501,
510, 104 S.Ct. 819, 78 L.Ed.2d 629 (1984)
(internal quotation marks omitted)).

*Doe v. Public Citizen*, 749 F.3d 246, 26566 (4th Cir. 2014). In

addition, Local Rule 105.11 requires the party seeking sealing

to include "(a) proposed reasons supported by specific factual

representations to justify the sealing and (b) an explanation

why alternatives to sealing would not provide sufficient

protection."

Defendant argues that its motion to dismiss, or in the

alternative, motion for summary judgment, memorandum, and

exhibits in support contain materials designated as

"confidential" and Defendant does not challenge this designation. (ECF No. 6). The motion to seal contains only boilerplate recitations. Defendant has made no attempt to redact portions of the filing as opposed to sealing the document in its entirety. *See Visual Mining, Inc. v. Ziegler*, No PWG 12-3227, 2014 WL 690905, at *5 (D.Md. Feb. 21, 2014) (denying motion to seal when the only justification was that the documents are "confidential" under a court-approved Protective Order); *Under Armour, Inc. v. Body Armor Nutrition, LLC*, No. JKB-12-1283, 2013 WL 5375444, at *9 (D.Md. Aug. 23, 2013) (denying motions to seal where "[t]he parties . . . provided only the barest support for the motions to seal, usually relying on the protective order issued in th[e] case" and failed to "provide 'specific factual representations' to justify their arguments"); *Butler v. DirectSAT USA, LLC*, 876 F.Supp.2d 560, 576 n.18 (D.Md. 2012) ("In their motion to seal, Defendants state only that they seek to seal the exhibits pursuant to the confidentiality order, an explanation insufficient to satisfy the 'specific factual representations' that Local Rule 105.11 requires.").

Accordingly, it is this 23rd day of November, 2015, by the United States District Court for the District of Maryland hereby ORDERED that:

1.    Defendant's motion to seal its motion for summary to dismiss, or in the alternative, motion for summary judgment (ECF No. 6) BE, and the same hereby IS, DENIED without prejudice to renewal within 14 days; and

2.    The clerk will transmit copies of the Memorandum Opinion and this Order to counsel.


_____/s/_____
DEBORAH K. CHASANOW
United States District Judge